UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIS STEPHENSON, | Case No. EDCV 10-1864 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I. SUMMARY

On December 9, 2010, plaintiff Janis Stephenson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").[1] The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 13, 2010 Case Management Order, ¶ 5.

---

[1]On June 3, 2011, plaintiff filed a reply in connection with Plaintiff's Motion.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 26, 2005, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 74). Plaintiff asserted that she became disabled on June 1, 1999, due to ankles, back, obesity and anxiety. (AR 74, 136). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff and a vocational expert on September 10, 2007. (AR 23). On September 19, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 74-81).

On November 30, 2007, the Appeals Council granted review, vacated the ALJ's September 19, 2007 decision, and remanded the matter for further administrative proceedings. (AR 112-15). The ALJ again examined the medical record and heard testimony from plaintiff (who was represented by counsel), two medical experts and a vocational expert on August 5, 2008. (AR 41-68).

On September 11, 2008, the ALJ again determined that plaintiff was not disabled through the date of the decision.[2] (AR 10-20). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, asthma, affective mood disorder, post-traumatic stress disorder, and somatoform disorder secondary to psychological reaction to physical conditions (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 12-14); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R.

---

[2]The ALJ stated that his September 19, 2007 decision was incorporated by reference into, and supplemented by, his September 11, 2008 decision. (AR 10).

§ 416.967(a)) with several additional exertional and non-exertional limitations[3] (AR 14); (4) plaintiff could not perform her past relevant work (AR 18); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically information clerk, general office clerk, and order clerk (AR 19); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 17).

The Appeals Council denied plaintiff's second application for review. (AR 1-4).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

---

[3]The ALJ determined that plaintiff: (i) could perform sedentary work; (ii) could stand and/or walk for two hours during an eight-hour work day but not for more than 30 minutes at a time; (iii) could not climb ladders, walk on uneven surfaces for a prolonged period, balance, work at unprotected heights, or work around dangerous machinery; (iv) could occasionally climb stairs or ramps; (v) could not operate foot pedals and could not frequently push/pull with the lower extremities; (vi) did not need an assistive device for ambulating; (vii) must work in a clean environment with no concentrated exposure to dust, odors, fumes, gasses, etc. (due to plaintiff's asthma); (viii) could perform simple, repetitive tasks. (AR 14).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff asserts that a reversal or remand is required because the ALJ's residual functional capacity assessment, and in turn the hypothetical question the ALJ posed to the vocational expert, failed properly to account for limitations related to plaintiff's impairment in her ability to maintain concentration, persistence and pace. (Plaintiff's Motion at 3-6). Defendant argues that the ALJ's residual functional capacity assessment, which limited plaintiff to simple, repetitive tasks, properly captured all of plaintiff's mental limitations. (Defendant's Motion at 5-6). The Court finds that the ALJ failed properly to account for all of plaintiff's mental limitations that are supported by the record. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Facts

At the August 5, 2008 administrative hearing, Dr. Malancharuvil, a psychologist, testified as a medical expert with respect to plaintiff's mental

impairments. (AR 41, 57-64). Dr. Malancharuvil opined that plaintiff had mild to moderate difficulties in her ability to maintain concentration, persistence and pace, and that plaintiff had psycho physiological reactions to pain.[4] (AR 13, 58-59).

In the September 11, 2008 decision, the ALJ found that (1) based on Dr. Malancharuvil's testimony, plaintiff was moderately impaired in her ability to maintain concentration, persistence and pace; and (2) any limitations from plaintiff's mental impairments were adequately reflected in the ALJ's residual functional capacity assessment which included a restriction to "simple, repetitive tasks." (AR 13-14).

At the August 5, 2008 administrative hearing, the ALJ posed a hypothetical question to the vocational expert which included all limitations noted in the ALJ's residual functional capacity assessment for plaintiff *except* a limitation to simple, repetitive tasks. (Compare AR 14 with AR 65). In response, the vocational expert testified that a hypothetical individual with the stated characteristics could still perform the jobs of information clerk, general office clerk, and order clerk. (AR 14, 65-66). The ALJ adopted the vocational expert's testimony and, as noted above, determined that plaintiff was not disabled because she retained the residual functional capacity to perform the representative jobs identified by the vocational expert. (AR 19).

---

[4]To the extent plaintiff's argues that Dr. Malancharuvil actually testified that plaintiff had "marked" (rather than moderate) impairment in concentration, persistence and pace (Plaintiff's Motion at 4-5) (citing AR 63), the record belies such an assertion. At the August 5, 2008 hearing, Dr. Malancharuvil testified that plaintiff had "mild to moderate limitations" in maintaining concentration, persistence, or pace – the third of the four broad functional areas known as the "paragraph B" criteria. (AR 59) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.07(B)(3)). As defendant correctly points out, Dr. Malancharuvil's statement regarding "marked" limitation in "concentration, persistence and pace" was a reference to medical records from Mr. James Orrell, LCSW (a medical source that the ALJ rejected), and was not an expression of Dr. Malancharuvil's opinion as to *plaintiff's* mental abilities. (Defendant's Motion at 3-4) (citing AR 63). Although plaintiff suggests in her reply that such evidence raises a conflict in the medical opinion evidence, any such conflict was the sole province of the ALJ to resolve. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

**B. Pertinent Law**

If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). Where, as here, a claimant suffers from both exertional and nonexertional limitations, the Grids do not mandate a finding of disability based solely on the claimant's exertional limitations, and the claimant's non-exertional limitations are at a sufficient level of severity such that the Grids are inapplicable to the particular case, the Commissioner must consult a vocational expert.[5] Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value."); Embrey v. Bowen, 849 F.2d 418, 422

---

[5]The severity of limitations at step five that would require use of a vocational expert must be greater than the severity of impairments determined at step two. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

(9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . .") (emphasis in original; citation omitted).

   C.   **Analysis**

First, contrary to defendant's suggestion, an ALJ's residual functional capacity assessment which includes a restriction to simple, repetitive tasks does not necessarily account for limitations stemming from a claimant's impairments in concentration, persistence or pace absent specific medical evidence in the record to support such a conclusion. See Bickford v. Astrue, 2010 WL 4220531, at *11 (D. Or. Oct. 19, 2010) ("*[S]o long as the ALJ's decision is supported by medical evidence*, a limitation to simple, repetitive work can account for moderate difficulties in concentration, persistence or pace.") (emphasis added; citations omitted).

Second, here, substantial evidence does not support the ALJ's finding that plaintiff's mental limitations were adequately reflected in the ALJ's restriction to "simple, repetitive tasks." As noted above, Dr. Malancharuvil testified only about plaintiff's mental limitations (*i.e.*, plaintiff's difficulties in her ability to maintain concentration, persistence and pace, and plaintiff's psycho physiological reactions to pain). (AR 13, 58-59). Such testimony, however, cannot serve as substantial evidence supporting the ALJ's determination because Dr. Malancharuvil did not identify the abilities plaintiff retained despite plaintiff's mental limitations. See, e.g., Sabin v. Astrue, 337 Fed. Appx. 617, 621 (9th Cir. 2009)[6] (ALJ's determination that plaintiff could do simple and repetitive tasks in spite of "moderate difficulties as to concentration, persistence, or pace" was supported by reports from doctors that, despite "concentration difficulties," plaintiff was able to

---

[6]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36–3(b); Fed. R. App. P. 32.1(a).

8

"complete serial 1's; spell 'world' backwards; follow a three-step command; and do her own cooking, cleaning, laundry, shopping, and bills."); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (RFC of "simple, routine, repetitive" work is consistent with doctor's opinion that claimant can carry out "very short simple instructions," "maintain attention and concentration for extended periods," and "sustain an ordinary routine without special supervision."); Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) (limitation of often having deficiencies of concentration, persistence or pace which was interpreted by a doctor into a functional capacity assessment of being "able to sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function" was adequately captured in a hypothetical for "someone who is capable of doing simple, repetitive, routine tasks"). Defendant points to no other medical evidence in the record which demonstrates that plaintiff retained the ability to do simple, repetitive tasks despite impairments in concentration, persistence and pace.

Finally, even assuming that the ALJ's residual functional capacity assessment adequately accounted for plaintiff's mental limitations, a remand is still warranted in this case because the ALJ posed an incomplete hypothetical question to the vocational expert. As noted above, the ALJ's hypothetical question did not include any limitation related to plaintiff's mental impairments. (AR 65). Accordingly, the vocational expert's testimony based on such incomplete hypothetical, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination at step five that plaintiff could perform the occupations of information clerk, general office clerk, and order clerk. See Robbins, 466 F.3d at 886. The Court cannot find such error harmless as defendant points to no persuasive evidence in the record which could support the ALJ's determination at step five that plaintiff was not disabled.
///

**V.    CONCLUSION**[7]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 12, 2011

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[8] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).